Elizabeth A. Skane, Esq. (Bar No. 7181)
eskane@skanemills.com
Sarai L. Brown, Esq. (Bar No. 11067)
sbrown@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535
(702) 363-2534 Fax

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **DARREN W. COOPER, an individual, and DARREN W. COOPER, LLC, a Nevada Limited Liability Company;**<br><br>Plaintiffs,<br><br>v.<br><br>**BLAKE FAKHOURY, an individual; and MIGUEL ROSARIO, an individual;**; DOES I-X, Inclusive, and ROE Corporations I-X, Inclusive,<br><br>Defendants. | **CASE NO.:**<br><br><br>**COMPLAINT** |

Plaintiffs, Darren W. Cooper and Darren W. Cooper, LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants Blake Fakhoury and Miguel Rosario (collectively, "Defendants") for copyright infringement and related claims, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

2. This Court has personal jurisdiction over Defendants because:

**a.** Defendants purposefully directed their infringing activities at the United States, including Nevada, by posting infringing videos on YouTube, a U.S.-based platform, targeting Plaintiffs, who are known to reside and operate in Henderson, Nevada, causing harm in this District;

**b.** Defendants' actions satisfy the Calder effects test, as they committed intentional acts (posting the infringing videos and filing false counter notifications) expressly aimed at Nevada, knowing that the harm would be felt by Plaintiffs in Henderson, Nevada;

**c.** Alternatively, under Federal Rule of Civil Procedure 4(k)(2), Defendants are subject to jurisdiction in this Court because the claims arise under federal law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and Defendants have sufficient contacts with the United States, including use of YouTube to infringe U.S. copyrights; and

**d.** Defendants targeted Plaintiffs' significant social media presence, including their YouTube channel (@watchthegooch) with 390,000 followers, Facebook with 4.5 million followers, TikTok with 1.4 million followers, and Instagram with 890,000 followers, which are operated from Henderson, Nevada, and have a substantial audience in the United States, including Nevada.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as a substantial part of the events giving rise to the claim, namely, the harm suffered by Plaintiffs from Defendants' infringement, occurred in Henderson, Nevada, where Plaintiffs reside and operate their business.

## PARTIES

4. Plaintiff Darren W. Cooper is an individual residing in Henderson, Nevada.

5. Plaintiff Darren W. Cooper, LLC is a limited liability company organized and existing under the laws of Nevada, with its principal place of business in Henderson, Nevada.

6. Defendant Blake Fakhoury is an individual residing at 128 City Road, London, United Kingdom, EC1V 2NX, as stated in his counter notification to YouTube, or otherwise subject to the jurisdiction of this Court based on his contacts with the United States and Nevada.

7. Defendant Miguel Rosario is an individual residing at Calle Manzano, Marañon II, Villa Mella, Santo Domingo Norte 3C, Santo Domingo, Republica Dominicana, Postal Code 11202, as stated in his counter notification to YouTube, or otherwise subject to the jurisdiction of this Court based on his contacts with the United States and Nevada.

## FACTUAL ALLEGATIONS

8. Plaintiff Darren W. Cooper is a content creator who produces original videos and other media for distribution on YouTube and other social media platforms under the username @watchthegooch, with approximately 390,000 followers on YouTube, 4.5 million followers on Facebook, 1.4 million followers on TikTok, and 890,000 followers on Instagram.

9. Plaintiff Darren W. Cooper, LLC is the entity through which Mr. Cooper conducts his content creation business and holds certain rights to his intellectual property.

///
///
///

10. Plaintiffs own valid copyrights in their original works, including the video titled "Easy way to clean ketchup spills" (the "Original Work"), posted on YouTube on May 30, 2024, at the URL https://youtube.com/shorts/LA3SuHoHMsM?si=w9laNBP6lqLolFf- and on Facebook on May 28, 2024, at the URL https://www.facebook.com/share/r/19bPvJDXH1/?mibextid=WC7FNe. The Original Work is an original audiovisual work created by Mr. Cooper, protected under the Copyright Act, 17 U.S.C. §§ 101 et seq.

11. The Original Work was submitted for registration with the U.S. Copyright Office under Case No. 1-14942062451, and Plaintiffs will provide registration details upon receipt from the U.S. Copyright Office.

12. On or about May 2025, Defendant Fakhoury, using the YouTube username "YoSoyZnd," posted a video at the URL http://www.youtube.com/watch?v=Zn_WHhgqkwQ (the "Fakhoury Infringing Video"), which copied the entirety of the Original Work, including its audiovisual content and editing, with the addition of a voiceover by Defendant Fakhoury, while the Original Work is in ASMR style without voiceover. This addition does not constitute a transformative use, as the Fakhoury Infringing Video retains the core creative elements of the Original Work and does not qualify for any exception under the fair use doctrine, 17 U.S.C. § 107, particularly given that 74%-85% of Facebook viewers and 75%-92% of Instagram viewers watch videos without sound, rendering the voiceover immaterial to the viewer experience.

13. On or about May 2025, Defendant Rosario, using the YouTube username "Quantum Mesh," posted a video at the URL http://www.youtube.com/watch?v=P9uJ4VTBLJ8 (the "Rosario Infringing Video"), which copied the entirety of the Original Work, including its audiovisual content and editing, with the addition of a voiceover narration by Defendant Rosario claiming to analyze the cleaning method. This addition does not constitute

a transformative use, as the Rosario Infringing Video retains the core creative elements of the Original Work and does not qualify for any exception under the fair use doctrine, 17 U.S.C. § 107, particularly given that 74%-85% of Facebook viewers and 75%-92% of Instagram viewers watch videos without sound, rendering the voiceover immaterial to the viewer experience.

14. Plaintiffs submitted copyright removal requests to YouTube, and the Fakhoury Infringing Video was removed by YouTube on or about June 3, 2025, and the Rosario Infringing Video was removed by YouTube on or about June 3, 2025.

15. On or about June 4, 2025, Defendant Fakhoury submitted a counter notification to YouTube, falsely claiming that the Fakhoury Infringing Video was original, created by Defendant Fakhoury, and did not infringe Plaintiffs' copyrights. Defendant Fakhoury's counter notification included misrepresentations, including but not limited to claims of full ownership and compliance with YouTube's Fair Use policy.

16. On or about June 4, 2025, Defendant Rosario submitted a counter notification to YouTube, falsely claiming that the Rosario Infringing Video qualified as fair use under Section 107 of the Copyright Act for educational purposes due to added voiceover narration. Defendant Rosario's counter notification included misrepresentations, including but not limited to claims that the video was transformative and did not infringe Plaintiffs' copyrights.

17. Defendants' actions constitute willful copyright infringement, as they knowingly reproduced, distributed, and publicly displayed the Original Work without authorization, targeting Plaintiffs' Henderson, Nevada-based business and audience.

18. Defendants' actions have caused and continue to cause Plaintiffs irreparable harm in Henderson, Nevada, including but not limited to loss of control

over the Original Work, damage to Plaintiffs' reputation, and loss of revenue from views and monetization opportunities on YouTube.

19. To prevent the Fakhoury Infringing Video and the Rosario Infringing Video from being reinstated on YouTube, Plaintiffs are required to file this action and seek a court order restraining Defendants' infringement, as per YouTube's counter notification policy.

## **FIRST CAUSE OF ACTION**

**(Copyright Infringement – 17 U.S.C. §§ 501 et seq.)**

20. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

21. Plaintiffs are the owners of valid copyrights in the Original Work, which is protected under the Copyright Act.

22. Defendants, without authorization, reproduced, distributed, and publicly displayed the Original Work by posting the Fakhoury Infringing Video and the Rosario Infringing Video on YouTube, targeting Plaintiffs' Henderson, Nevada-based business.

23. Defendants' actions constitute direct infringement of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

24. Defendants' infringement was willful, as they knowingly copied the Original Work and falsely claimed ownership or fair use in their counter notifications.

25. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered damages, including but not limited to lost revenue, loss of goodwill, and harm to their reputation as content creators in Henderson, Nevada.

26. Defendants' actions have caused and will continue to cause irreparable harm to Plaintiffs, for which there is no adequate remedy at law, entitling Plaintiffs to injunctive relief.

///

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

27. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

28. Defendants knowingly induced, caused, or materially contributed to the infringement of Plaintiffs' copyrights by posting the Fakhoury Infringing Video and the Rosario Infringing Video and encouraging their distribution on YouTube, harming Plaintiffs in Henderson, Nevada.

29. Defendants' actions constitute contributory copyright infringement, causing further harm to Plaintiffs.

## THIRD CAUSE OF ACTION

### (False Statements in Counter Notification – 17 U.S.C. § 512(f))

30. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

31. Defendants knowingly and materially misrepresented in their counter notifications that the Fakhoury Infringing Video and the Rosario Infringing Video were original or qualified as fair use and did not infringe Plaintiffs' copyrights.

32. Defendants' misrepresentations were made under penalty of perjury and were intended to induce YouTube to reinstate the infringing videos, further harming Plaintiffs in Henderson, Nevada.

33. As a direct and proximate result of Defendants' misrepresentations, Plaintiffs have incurred damages, including but not limited to the costs of pursuing this legal action to prevent reinstatement of the infringing videos.

34. Defendants' actions violate 17 U.S.C. § 512(f), entitling Plaintiffs to damages, including attorneys' fees and costs.

///

///

///

## FOURTH CAUSE OF ACTION

### (Unfair Competition – Nevada Common Law)

35. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

36. Defendants' unauthorized use of the Original Work and false claims of ownership or fair use constitute unfair competition under Nevada common law.

37. Defendants' actions have caused confusion among YouTube viewers and the public, misrepresenting the origin and ownership of the infringing videos, harming Plaintiffs' Henderson, Nevada-based business.

38. As a direct and proximate result, Plaintiffs have suffered damages, including loss of goodwill and competitive harm in the content creation market.

## FIFTH CAUSE OF ACTION

### (Preliminary and Permanent Injunctive Relief – 17 U.S.C. § 502)

39. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

40. Defendants' unauthorized reproduction, distribution, and public display of the Original Work through the Fakhoury Infringing Video and the Rosario Infringing Video, and their attempts to reinstate the infringing videos via false counter notifications, have caused and will continue to cause Plaintiffs irreparable harm, including loss of control over their copyrighted work, damage to their reputation, and loss of revenue and goodwill in Henderson, Nevada.

41. Plaintiffs have a strong likelihood of success on the merits of their copyright infringement claims, as the infringing videos copy the entirety of the Original Work without authorization, and Defendants' fair use defenses are meritless given the lack of transformative use, particularly as the added voiceovers do not alter the viewer experience for the majority of social media users who watch without sound.

42. The balance of hardships favors Plaintiffs, as Defendants have no legitimate interest in using Plaintiffs' copyrighted work, while Plaintiffs face ongoing harm from the potential reinstatement and continued distribution of the infringing videos.

43. An injunction serves the public interest by protecting copyrighted works and preventing consumer confusion caused by Defendants' unauthorized use.

44. There is no adequate remedy at law to compensate Plaintiffs for the ongoing and irreparable harm caused by Defendants' actions.

45. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendants from further infringing Plaintiffs' copyrights, including but not limited to reproducing, distributing, publicly displaying, or attempting to reinstate the Fakhoury Infringing Video at http://www.youtube.com/watch?v=Zn_WHhgqkwQ or the Rosario Infringing Video at http://www.youtube.com/watch?v=P9uJ4VTBLJ8 or any other copies of the Original Work on YouTube or other platforms.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

**A.** Issue a preliminary and permanent injunction enjoining Defendants, their agents, employees, and all persons acting in concert with them, from reproducing, distributing, publicly displaying, or otherwise infringing Plaintiffs' copyrights in the Original Work, including but not limited to the Fakhoury Infringing Video at http://www.youtube.com/watch?v=Zn_WHhgqkwQ and the Rosario Infringing Video at http://www.youtube.com/watch?v=P9uJ4VTBLJ8, and from attempting to reinstate or repost the infringing videos on YouTube or any other platform;

**B.** Order Defendants to remove any remaining copies of the infringing videos from YouTube and any other platforms under Defendants' control;

**C.** Award Plaintiffs actual damages and Defendants' profits attributable to the infringement, or, at Plaintiffs' election, statutory damages pursuant to 17 U.S.C. § 504;

**D.** Award Plaintiffs damages for Defendants' misrepresentations under 17 U.S.C. § 512(f), including attorneys' fees and costs;

**E.** Award Plaintiffs damages for unfair competition under Nevada common law;

**F.** Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and other applicable law;

**G.** Award Plaintiffs pre- and post-judgment interest on all monetary awards; and

**H.** Grant such other and further relief as the Court deems just and proper.

DATED: June 18, 2025                         SKANE MILLS LLP

By:      */s/ Sarai L. Brown*
Elizabeth A. Skane, Esq. (Bar No. 7181)
eskane@skanemills.com
Sarai L. Brown, Esq. (Bar No. 11067)
sbrown@skanemills.com
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535 / Fax (702) 363-2534

Attorneys for Plaintiffs